## RANDOLPH v. DELANEY FORD, INC., ET AL, HARTFORD ACCIDENT AND INDEMNITY COMPANY

420 P. 2d 642

*Charles R. Marsch,* Bend, argued the cause and filed briefs for appellant.

*Anne MacDonald,* Prineville, argued the cause for respondent. With her on the brief were Bodie, Minturn & Glantz, Prineville.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

SLOAN, J.

In this action, tried to the court without a jury, the trial court found that defendant Delaney Ford, Inc., had converted plaintiff's automobile to its own use. Upon the default of Delaney, the court entered a judgment for plaintiff's alleged damages against defendant Hartford Accident and Indemnity Company, on its bond issued pursuant to ORS 481.305 and 481.310. Hartford appeals.

The facts are these: On August 19, 1964, plaintiff bought a car on a conditional sales contract from defendant Delaney Ford, Inc., a licensed automobile dealer. The contract was assigned to defendant United States National Bank. At the time of the sale the admitted legal owner of the car was the Ford Motor Co., Credit Corporation.[1] Plaintiff made an application for a transfer of the recorded title. The application stated that the Credit Corporation was the legal owner of the car. The latter's rights as the legal owner are not disputed. Delaney Ford, Inc., did not, at any time, forward this application to the Department of Motor Vehicles. Plaintiff made two payments on the sales contract to the United States National Bank.

However, on December 9, 1964, the car was taken from plaintiff's possession by Delaney Ford, Inc. This is the alleged conversion. Delaney surrendered the car to the Ford Motor Co., Credit Corporation. The credit corporation disposed of the car. This action followed.

The only judgment of consequence entered by the court was that against Hartford Accident and Indemnity Company. Accordingly, on this appeal, we

---

[1] This is the name used by the witnesses. None of the written documents are in evidence so we do not know the correct name of the corporation or the exact nature of its lien interest.

are not concerned with any of the rights, remedies or relationship between the parties to this action except plaintiff's claim that defendant Hartford Accident and Indemnity Company, is responsible on its bond for his alleged damage. Hartford's responsibility must be found in the statutes we have cited.

ORS 481.305 (3) (b) requires any applicant for an automobile dealer's license to deliver with his application to the Motor Vehicle Department a bond "complying with ORS 481.310." Subsection (1) of ORS 481.310 provides that the bond shall be executed to the State of Oregon and shall "* * * be conditioned that the applicant, if a license is issued to him, shall conduct his business as a dealer without fraud or fraudulent representation and without violating any of the provisions of [Chapter 481]." Subsection (2) of ORS 481.310 provides:

> "If any person suffers any loss or damage by reason of the fraud, fraudulent representations or violation of any of the provisions of this chapter by a licensed dealer, he has a right of action against such dealer and a right of action in his own name against the surety upon the bond."

Hartford's bond was issued in behalf of Delaney Ford, Inc., pursuant to and subject to the requirements of these statutes.

Plaintiff's sole claim that he "suffer[ed] any loss" for which Hartford is responsible is that Delaney Ford, Inc., violated the provisions of Chapter 481 by failing to forward to the Motor Vehicle Department plaintiff's application for a change of the title registration. We are at a loss to find any means by which this failure of Delaney Ford, Inc. caused the plaintiff's loss. If plaintiff's application for change in the title

registration had been forwarded to the Department of Motor Vehicles by Delaney, that application would not have extinguished the security interest of Ford Motor Co., Credit Corporation in any way. The latter would still have retained the right to take possession of the car upon non-payment of whatever amount was due to it. Plaintiff's loss was in no way contingent upon a change in the name of the registered owner of the automobile.

We cannot, therefore, agree with the trial court's conclusion of law that Delaney's failure was the cause of plaintiff's loss. The judgment is reversed.